UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | Case No. 2:19-cr-02-JMS-CMM-01 |
| v. | ORDER ON MOTION FOR SENTENCE REDUCTION UNDER 18 U.S.C. § 3582(c)(1)(A) |
| JASON RECTOR | (COMPASSIONATE RELEASE) |

Upon motion of ☒ the defendant ☐ the Director of the Bureau of Prisons for a reduction in sentence under 18 U.S.C. § 3582(c)(1)(A), and after considering the applicable factors provided in 18 U.S.C. § 3553(a) and the applicable policy statements issued by the Sentencing Commission,

IT IS ORDERED that the motion is:

☒ DENIED.

☐ DENIED WITHOUT PREJUDICE.

☐ OTHER:

☒ FACTORS CONSIDERED: See attached opinion.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,   )<br>  )<br>            Plaintiff,   )<br>  )<br>        v.   )   No. 2:19-cr-00002-JMS-CMM<br>  )<br>JASON RECTOR,   ) -01<br>  )<br>            Defendant.   ) | |

## ORDER

Defendant Jason Rector requests compassionate release under 18 U.S.C. § 3582(c)(1)(A). For the reasons explained below, Mr. Rector's motion is **denied**.

### I. Background

In June 2020, Mr. Rector pled guilty to one count of conspiracy to possess with intent to distribute 500 grams or more of a mixture or substance containing methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and 846. Dkts. 55, 56. The Court sentenced him to 144 months of imprisonment and 5 years of supervised release.

Mr. Rector filed an initial pro se motion for compassionate release, which the Court dismissed without prejudice because, on its face, it did not show that he is entitled to compassionate release. Dkts. 59, 60. Mr. Rector filed a renewed motion, dkt. 62, and the United States filed a brief in opposition, dkt. 64. Mr. Rector did not file a reply. In his renewed motion, Mr. Rector checked the boxes on the form stating that he has serious physical and mental conditions that substantially diminish his ability to provide self-care in prison from which he is not expected to recover, and he also checked the box indicating "other" reasons but did not provide further information. Dkt. 62 at 2. More specifically, Mr. Rector argues that when he was sentenced, the

Court recommended that he be placed at a federal medical facility due to his gastrointestinal and mental health issues. He was instead placed at USP Victorville, and he states that he has received limited mental health counseling and only seen a physician's assistant once to address his possible diabetes and more frequent seizures. Mr. Rector states that he is a veteran, and that he would be able to receive better health care from the VA if he were to be released than he is currently receiving from the BOP.

## II. Discussion

The general rule is that sentences imposed in federal criminal cases are final and may not be modified. 18 U.S.C. § 3582(c). Yet, under one exception to this rule, a court may reduce a sentence "after considering the factors set forth in [18 U.S.C. § 3553(a)] to the extent that they are applicable," if it finds that there are "extraordinary and compelling reasons" that warrant a reduction. 18 U.S.C. § 3582(c)(1)(A)(i). The Seventh Circuit has held that a court has broad discretion in determining what constitutes "extraordinary and compelling reasons" under the statute. *United States v. Gunn*, 980 F.3d 1178, 1180–81 (7th Cir. 2020). The court must "consider[] the applicant's individualized arguments and evidence," *United States v. Rucker*, 27 F.4th 560, 563 (7th Cir. 2022), but ultimately, "[t]he movant bears the burden of establishing 'extraordinary and compelling reasons' that warrant a sentence reduction." *United States v. Newton*, 996 F.3d 485, 488 (7th Cir. 2021).

Mr. Rector's reason for requesting a sentence reduction—that he would receive better medical care from the VA than the BOP—is not an extraordinary and compelling reason to release him.[1] While Mr. Rector may be dissatisfied with the medical care he is receiving while in prison,

---

[1] Mr. Rector does not raise his risk from COVID-19 as an extraordinary and compelling reason to grant compassionate release. Nevertheless, even if he did, the Court would not find said risk to be an extraordinary and compelling reason to grant him release. While Mr. Rector may have conditions which make him more likely to suffer from severe illness should he contract COVID-19 again, he has been

3

and he would prefer to be released so he can receive allegedly superior care from the VA, this is not an extraordinary and compelling reason to grant his motion. To the extent he feels the medical care the BOP is providing is insufficient, he is free to file a civil complaint in his district of confinement. *See United States v. Dotson*, 849 F. App'x 598, 601 (7th Cir. 2021) ("Mistreatment or poor conditions in prison, if proved, might be grounds for relief in a civil lawsuit, but untested allegations of this nature are not grounds for a sentence reduction") (cleaned up).

Given the determination that Mr. Rector has not shown extraordinary and compelling reasons to justify his release, the Court need not address whether the sentencing factors listed in 18 U.S.C. § 3553(a) weigh in favor of his release.

### III. Conclusion

For the reasons stated above, Mr. Rector's motion for compassionate release, dkt. [62], is **denied.**

**IT IS SO ORDERED.**

Date: 6/1/2022

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

---

vaccinated against COVID-19. Dkt. 64-4 at 47. "[F]or the many prisoners who seek release based on the special risks created by COVID-19 for people living in close quarters, vaccines offer far more relief than a judicial order. . . . [F]or the vast majority of prisoners, the availability of a vaccine makes it impossible to conclude that the risk of COVID-19 is an 'extraordinary and compelling' reason for immediate release." *United States v. Broadfield*, 5 F.4th 801, 803 (7th Cir. 2021). Mr. Rector has presented no evidence that he is unable to receive or benefit from the vaccine. *See id.* Additionally, Mr. Rector "has not presented any evidence establishing that he is more at risk for an adverse outcome in prison than he would be if released." *United States v. Barbee*, 25 F.4th 531, 533 (7th Cir. 2022). Specifically, he has not presented "data showing that vaccinated prisoners are at materially greater risk of breakthrough infections than other vaccinated persons." *United States v. Avila*, No. 21-2383, dkt. 19 (7th Cir. Feb. 15, 2022). As a result, Mr. Rector cannot show that the risk he faces from the COVID-19 pandemic is an extraordinary and compelling reason for relief under § 3582(c)(1)(A). *Barbee*, 25 F.4th at 533.

Distribution:

All Electronically Registered Counsel

Jason Rector
Reg. No. 16741-028
USP McCreary
U.S. Penitentiary
P.O. BOX 3000
Pine Knot, KY 42635